# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 3:01CR202 (AVC)** |
| | : | |
| **FRANK MATTHEWS** | : | **November 23, 2004** |

## MEMORANDUM IN RESPONSE TO DEFENDANT'S
## MEMORANDUM RE: REVOCATION HEARING

The Government opposes defendant Frank Matthews' request that his sentence for

violating his federal supervised release run concurrent with his currently pending state sentence.

The defendant has consistently demonstrated a disregard for the law coupled with a lack of

genuine commitment to rehabilitation.  He does not warrant the leniency inherent in concurrent

sentencing.  The Government recommends a federal sentence consecutive to the defendant's

present state sentence.

As the defendant points out, in September 2004, he pled guilty to various state

misdemeanor charges, including Assault in the Third Degree, Breach of Peace, and Failure to

Appear.  See Defendant's Memorandum Re: Revocation Hearing (hereinafter, "Memorandum")

at 1.  Matthews is now serving a total effective sentence on those charges of three years,

suspended after 18 months, to be followed by three years of probation.  The defendant's admitted

criminal conduct violated the conditions of his federal supervised release.

In addition to the conduct which led to the state criminal charges to which he pled guilty,

the defendant violated other conditions of supervised release.  On March 15, 2004, Matthews

was found in violation of the special condition requiring him to participate in substance abuse treatment, but this Court postponed sentencing to give Matthews a chance to complete inpatient treatment. However, Matthews left his treatment program without permission on March 22, 2004, just four days after entering treatment and just one week after the Court postponed sentencing to give him an opportunity to demonstrate that he was committed to rehabilitating himself. He also again failed to appear in state court on April 13, 2004. The Court should consider these additional, independent violations of Matthews' conditions of supervised release – both of which occurred after this Court had postponed sentencing to give him a chance to rectify earlier violations – when deciding whether the federal sentence should run concurrent with the state sentence Matthews is currently serving.

Given the defendant's criminal history and his disregard for the conditions of his supervised release, his claim now to be eager to embrace change in his life, see Memorandum at 2, invites skepticism.[1] Moreover, the defendant already had a figurative "sword of Damocles," Memorandum at 1, hanging over his head – the postponed sentencing in this Court – when he left his treatment program without permission and then committed another violation of state law, the failure to appear on April 13, 2004. This Court should not exercise leniency at this point based on the possibility that the defendant might take the next sword hanging over him more seriously.

---

[1]     Matthews points to his completion of the Close Custody Phase at Northern Correctional Institution in December 2001 as evidence that he is making progress at rehabilitation. Memorandum at 2 & Ex. A. However, one wonders how serious Matthews ever was about coming to terms with his anger management problem. It is one thing to sit through the necessary courses in order to get out of close custody at a maximum security prison. It is another thing to control your behavior once released from prison. Matthews' conduct in threatening and assaulting his girlfriend in January 2004 bears a striking and disturbing resemblance to his threats and assaults on two other girlfriends, Tasheika Shaw and Ellen Bean, both of whom Matthews threatened with a handgun in 2000.

In addition, it should be recalled that this Court sentenced Matthews at the low end of the applicable Guidelines Sentencing Range for the felon-in-possession charge. The Sentencing Guidelines called for a sentence in the range of 37-46 months for Matthews, and this Court sentenced him to 37 months of imprisonment. This Court was lenient to Matthews at the time of sentencing, and was lenient to him again when it postponed sentencing on the first round of supervised release violations in order to give Matthews the opportunity to complete drug treatment. Matthews has continually rewarded the Court's leniency by committing new crimes.

Matthews now asks the Court to be lenient to him yet again by running his federal sentence concurrent with the state sentence he currently is serving. Matthews has proven himself a serious danger to the community, and unworthy of any further leniency. Accordingly, the Government opposes the defendant request's for a concurrent sentence.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


THOMAS V. DAILY
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct03467

For:    JONATHAN BIRAN
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct21922
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700

<u>                         CERTIFICATE OF SERVICE</u>

         This is to certify that a copy of the foregoing was served on this 23rd day of November, 2004, upon the following:


         Terence S. Ward, Esq. (by mail)
         Assistant Federal Public Defender
         Office of the Federal Public Defender
         10 Columbus Blvd. 6th Floor
         Hartford, CT 06106-1976

         Vicki M. Stackpole (by hand delivery)
         United States Probation Officer
         United States Probation Office
         157 Church Street, 22nd Floor
         New Haven, CT 06510




                                        _____
                                        THOMAS V. DAILY
                                        ASSISTANT U.S. ATTORNEY

                                For:    JONATHAN BIRAN
                                        ASSISTANT U.S. ATTORNEY